# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| JOY ALLEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-17-518 |
| | ) |
| FUSHENG DENG, N & F | ) |
| LOGISTICS, et.al | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, N & F LOGISTICS and files Notice of Removal of this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Mobile Division. As grounds hereto, this Defendant shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1. This civil action was filed on or about October 12, 2017, and is now pending in the Circuit Court of Mobile County, Alabama, Civil Action Number: CV-2017-902677. True and correct copies of all pleadings and papers contained in the state court file are attached hereto as Exhibit "A."

2. Said action is of a civil nature at law whereby the Plaintiffs seek to recover damages in excess of $75,000 from the Defendant, exclusive of interest and costs.

## THE PLAINTIFF

3. The Plaintiff, Joy Allen is, at the time of the commencement of this action was, resident citizens of the State of Alabama with her residence in Mobile County, Alabama.

## THE REMOVING DEFENDANTS

4. Defendant, N & F Logistics Company, is, and at the time of the commencement of this action was, a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana.

5. Defendant, Fusheng Deng, is, and at the time of the commencement of this action was an individual resident of the State of Georgia.

## GROUNDS FOR REMOVAL

6. This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

7. This Notice of Removal is also timely filed because it is being submitted within one year from the date of commencement of the action and within 30 days of service.

8. A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiffs this date.

9. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama this date.

10. No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

11. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship among the parties.

12. The Plaintiff's suit arises from an October 30, 2015 traffic accident in the George Wallace Tunnel on I-10 in Mobile, Alabama. Specifically, Plaintiff alleges claims against N & F Logistics of negligent hiring training, supervising and retaining its then employee Fusheng Deng as well as negligent entrustment. Plaintiff alleges claims of negligence and wantonness and/or reckless driving against Deng. (Compl. ¶ 7-11).

13. With regard to the amount in controversy, Plaintiff's Complaint alleges she "suffered severe injuries to her back and neck as a result of the October 30, 2015 collision." (Compl. ¶ 6). Further, Plaintiff's counsel refused to agree to settle for less than $75,000. See Exhibit B.

14. Plaintiff's Complaint fails to cite a sum certain dollar figure which he is seeking. "When the Complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). Similarly, in *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1211 (11th Cir. 2007), the Eleventh Circuit held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot Inc.,* 204 F.3d 1069 (11th Cir. 2000).

15. In *Maconeghy v. Cooper Tire & Rubber Co.,* at 2008 WL 4811398, at *3 (S.D. Ala. Nov. 3, 2008), the Court stated "in the post *Lowery* world, a complaint that fails to expressly demand over $75,000.00 may still be removable on diversity

grounds where the complaint's 'description of the injury itself demonstrates that the amount in controversy more likely than not exceeds the ... jurisdictional amount.'" quoting *Sanderson v. Daimler Chrysler Motor Corp.,* 2007 WL 2988333, at *1 (S.D. Ala. Oct. 9, 2007).

16. Plaintiff seeks compensatory damages related to "severe injuries to her back and neck" she alleges to have suffered as a result of the October 30, 2015 traffic accident. (Compl. ¶ 6).

17. Plaintiff also seeks punitive damages. (Compl. ¶ 11). "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (both compensatory and punitive damages "must be considered to the extent in determining the jurisdictional amount"). See also *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. 10-00359-CG-B, 2010 U.S. Dist. LEXIS 111336, at *12 (S.D. Ala. Sept. 23, 2010) (stating the law is clear that the amount in controversy includes not only compensatory damages but punitive damages as well); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986) (exemplary damages are included in the amount in controversy as a general rule if they are legally recoverable) (citing *Bell*, 320 U.S. 240).

18. Given the nature of the claimed "severe injuries to her back and neck," and the demand for punitive damages, it is apparent from the face of the Complaint

that the amount in controversy requirement for removal is satisfied. See, e.g. *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) (denying motion to remand where plaintiff alleged she suffered permanent injuries, continued to suffer such injuries, and expected such injuries to continue into the future).

19. Further, there is also complete diversity of citizenship between the Plaintiff and Defendants.

20. All Defendants join in and consent to this removal.

21. This suit is removed to this Court, under and by virtue of the Acts of Congress of the United States, and the Defendants are desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, this Defendant respectfully request this matter be removed to the United States District Court for the Southern District of Alabama, Mobile Division, according to the statutes in such case made and provided.

Respectfully submitted this 22nd day of November, 2017.

*s/ Joseph R. Duncan, Jr.*
Joseph R. Duncan, Jr. (asb-8851-h35d)
*Attorney for Fusheng Deng and N&F Logistics*

**OF COUNSEL**:
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center – Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
jduncan@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing via the AlaFile system which will serve all counsel of record on this 22nd day of November, 2017:

Eaton G. Barnard, Esq.
Citrin Law Firm, P.C.
1904 Dauphin Island Parkway
Mobile, AL 36605

*s/ Joseph R. Duncan, Jr.*
OF COUNSEL